CHARLES W. SINGER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Singer v. Commissioner
Docket No. 5962-89
United States Tax Court
T.C. Memo 1990-222; 1990 Tax Ct. Memo LEXIS 256; 59 T.C.M. (CCH) 511; T.C.M. (RIA) 90222; May 3, 1990, Filed *256 Decision will be entered for the respondent. Charles W. Singer, Jr., pro se. Carol-Lynn E. Moran, for the respondent. COHEN, Judge. COHEN
*733 MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Section 6653(b)
Section 6654(a)
1979
$ 24,031.92
$ 12,015.96
-0-   1980
32,185.15
16,092.58
$ 1,783.51
1981
36,168.36
18,084.18
2,690.35
Because petitioner refused to testify at trial, the case was submitted for decision on respondent's Motion for Summary Judgment and Motion for Damages Under I.R.C. Section 6673. The issues for decision are whether petitioner is liable for the additions to tax determined by respondent; whether the statute of limitations *258 bars assessment of deficiencies for any of the years in issue; and whether petitioner is liable for damages under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner was a resident of Philadelphia, Pennsylvania, when he filed his petition. Admitted Facts
The facts set forth below, among others, have been deemed admitted by reason of petitioner's failure to respond adequately to requests for admissions served by respondent under Rule 90. During the years in issue, petitioner received the following items of income: 1979
1980
1981
Wages
$ 29,160.79
$ 39,647.19
$ 39,695.75
(Number of Sources)
(1)   (2)   (2)   Interest
12,525.77
15,898.66
19,885.77
(Number of Sources)
(9)   (8)   (9)   Dividends
15,307.03
17,341.70
13,067.79
(Number of Sources)
(42)  (37)  (31)  Capital Gains
6,410.78
4,528.64
10,890.17
(Number of Sources)
(5)   (4)   (3)   For each of the years in issue, petitioner *259 sent to the Internal Revenue Service Forms 1040 that did not report any of the income received by him or claim any exemptions, deductions, or credits. The Forms 1040 submitted by petitioner for 1979, 1980, and 1981 set forth objections and references to the Fourth and Fifth Amendments stamped on the returns on lines provided for reporting of his income. On April 22, 1980, June 23, 1980, and April 16, 1981, petitioner submitted to his employer Forms W-4, Employee's Withholding Allowance Certificate, stating under penalty of perjury that he was exempt from withholding. On December 12, 1985, petitioner pled guilty to willfully attempting to evade part of his 1980 and 1981 income taxes in violation of section 7201. On that date, petitioner was convicted of tax evasion for 1980 and 1981 by the United States District Court for the Eastern District of Pennsylvania and placed on probation for a period of 5 years. It was ordered that, as a condition of probation, petitioner "pay whatever taxes, interest and penalties are finally assessed * * *. In the event of failure to pay those amounts within the period of probation, * * * [petitioner] shall be imprisoned until they are paid or *260 otherwise discharged by operation of law." *734 During 1980, petitioner transferred shares of stocks to the name of Council of United Missions, c/o Charles W. Singer, President. During 1979, 1980, and 1981, petitioner used six separate Social Security numbers in his dealings with banks, stockbrokers, and companies. Procedural History
The determinations set forth above were made by respondent in a statutory notice sent January 12, 1989. In that statutory notice, petitioner was allowed certain capital loss deductions, itemized deductions, and a personal exemption for each year. In the petition filed March 27, 1989, petitioner claimed that the statute of limitations barred assessment for the years in issue. He also claimed that the statutory notice violated the mail fraud and RICO statutes; accused Internal Revenue Service agents of improper motivations in preparing the notice of deficiency; and asserted that the notice of deficiency was retaliation for petitioner's exercise of his First Amendment rights. The petition did not set forth any error in calculation of petitioner's income, exemptions, or deductions for the years in issue. In the answer filed May 30, 1989, respondent *261 alleged detailed facts in support of the additions to tax for fraud set forth in the statutory notice. In the alternative, respondent alleged facts in support of a 25-percent addition to tax under section 6651(a)(1); a 5-percent addition to tax under the provisions of section 6653(a); and an addition to tax in the amount of 50 percent of the interest due on the deficiency of $ 36,168.36 under the provisions of section 6653(a)(2) for 1981. The answer further alleged that, by reason of petitioner's conviction under section 7201 for 1980 and 1981, petitioner is estopped in the instant case, under the doctrine of collateral estoppel, from denying that all or part of the underpayments of income taxes for 1980 and 1981 are due to fraud. The answer also set forth the grounds refuting petitioner's statute of limitations claim. Petitioner thereafter, and through the course of this proceeding, served on respondent and filed with the Court numerous and bulky frivolous documents, including a Motion to Dismiss Respondent's Notice of Deficiency, filed June 26, 1989, and a Motion to Strike Part of Respondent's Answer, filed June 26, 1989 (directed at the judgment of conviction attached to the *262 answer). By notice served September 19, 1989, this case was set for trial in Washington, D.C., on February 20, 1990. Attached to the notice of trial was a Standing Pre-Trial Order, requiring certain pre-trial activities by the parties. Petitioner did not comply with the Standing Pre-Trial Order. On November 28, 1989, Respondent's Request for Admissions was served on petitioner. Respondent's Second Request for Admissions was served November 29, 1989. On December 4, 1989, petitioner filed a Motion to Compel the Production of Documents, seeking various portions of the Internal Revenue Service manual and other Internal Revenue Service internal reports. Petitioner's request for production of documents was not reasonably calculated to lead to the discovery of admissible evidence and was unduly burdensome and otherwise inappropriate. On December 5, 1989, petitioner filed a Motion for Continuance, claiming that he could not proceed to trial until respondent produced the documents that he sought in his request for production. Petitioner's Motion for Continuance and his Motion to Compel the Production of Documents were denied December 13, 1989. Petitioner's Response to Respondent's *263 First Request for Admissions was filed December 28, 1989. In that response, petitioner denied, in a single paragraph, all of respondent's first Request for Admissions "on the basis that paragraphs one (1) through sixty three (63), are irrelevant and immaterial to the matter presented to the court by Petitioner's Petition." Petitioner's Response to Respondent's Second Request for Admissions was filed January 3, 1990, and similarly denied paragraphs 64 through 76 of Respondent's Second Request for Admissions. On January 8, 1990, petitioner filed requests for admissions addressed to Lawrence B. Gibbs (former Commissioner of Internal Revenue) and two other employees of the Internal Revenue Service. Petitioner's requests for admissions set forth certain provisions of the Code of Federal Regulations and no facts. On January 26, 1990, respondent filed a Motion for Protective Order with respect to petitioner's requests for admissions, and a protective order was granted. On January 8, 1990, respondent filed a Motion to Review the Sufficiency of the Petitioner's Response to Respondent's First Request for Admissions and Petitioner's Response to Respondent's Second Request for Admissions. *264 In an order dated January 9, 1990, the Court advised petitioner that his responses were unjustified and frivolous and did not comply with the requirements of Rule 90. Pursuant to Rule 90(e), the Court deemed admitted facts set forth in those paragraphs dealing with specific items of income, deductions, documents filed, and transactions engaged in by petitioner. The Court ordered further response to those paragraphs of respondent's first request for admissions containing conclusions as to petitioner's intent in failing to report income, filing frivolous Forms 1040, and creating a church to *735 which certain assets were transferred. The Court's order dated January 9, 1990, is the basis for the admitted facts set forth above. In the order dated January 9, 1990, petitioner was put on notice of the following: The Court has reviewed the record in this case and advises petitioner that his positions previously maintained in this case are frivolous and groundless, and it appears that these proceedings have been instituted or maintained primarily for delay. Pursuant to section 6673 of the Internal Revenue Code, as amended by section 7731(a) of the Revenue Reconciliation *265 Act of 1989, the Court may, in its decision, require petitioner to pay to the United States a penalty of not in excess of $ 25,000, if petitioner continues to maintain such frivolous and groundless positions after December 31, 1989. On February 6, 1990, petitioner's further answers to request for admissions were filed. In those further answers, petitioner claims he "did everything in good faith" and denies the requests for admissions dealing with fraudulent intent. Our disposition of this case is not based on that part of respondent's requests for admissions relating to fraudulent intent that have thus been denied by petitioner. On February 5, 1990, respondent filed a Motion for Summary Judgment, a Memorandum in Support of Motion for Summary Judgment, an Affidavit in Support of Respondent's Motion for Summary Judgment, and a Motion for Damages Under I.R.C. Section 6673. The motions were set for hearing on February 20, 1990, at the time previously set for trial. The case was called on February 20, 1990, for trial and for hearing on respondent's Motion for Summary Judgment and Motion for Damages Under I.R.C. Section 6673. Petitioner *266 submitted a Request for Reconsideration of the Court's Order of January 9, 1990, setting forth additional frivolous contentions , and an Affidavit executed by William Singer, attached to which was a Power of Attorney signed by petitioner. The affidavit contained unwarranted accusations against respondent's counsel and continued with petitioner's frivolous contentions. Also on February 20, 1990, petitioner's Response to Respondent's Motion for Protective Order was filed. Respondent filed a Supplement to Motion for Damages Under I.R.C. Section 6673, attaching additional frivolous documents served on respondent in January and February 1990. At trial, William Singer attempted to represent petitioner but acknowledged that he was not an attorney-at-law or admitted to practice before this Court. The Court refused to recognize him, again warning petitioner that a penalty would result if he continued to pursue frivolous arguments that previously had been rejected. The Court several times invited petitioner to testify in opposition to respondent's Motion for Summary Judgment, but petitioner declined to present any evidence, choosing instead to continue to assert *267 nonresponsive and frivolous arguments. The Court, therefore, deemed the case submitted on the record. On February 21, 1990, petitioner filed a Motion to Dismiss containing arguments similar to those made before; he also sent to the Court a letter accusing the trial judge of involvement in theft of property and demanding her Social Security number. Petitioner's Motion to Dismiss was denied. On April 11, 1990, the Court received petitioner's unsolicited brief, and leave to file that brief was granted. The brief reasserts petitioner's statute of limitations claim and indicates no change of position by petitioner. Additions to Tax for Fraud
The addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of providing for each year, by clear and convincing evidence, an underpayment of tax and that some part of the *268 underpayment was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may, however, be provided by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). There is no reason in this case not to apply the well established rule that *269 a conviction under section 7201 for Federal income tax evasion estops a taxpayer from denying fraud in a subsequent civil proceeding involving section 6653(b). See Klein v. Commissioner, 880 F.2d 260 (10th Cir. 1989), affg. a Memorandum Opinion of this Court; Arctic Ice Cream Co. v. Commissioner, *736 43 T.C. 68, 74-75 (1964). The additions to tax under section 6653(b), therefore, must be sustained for 1980 and 1981. The evidence is sufficient, however, to prove fraud, without reliance on collateral estoppel, for each year. Petitioner was not convicted for 1979. Petitioner apparently did not file a false Form W-4 in 1979. The first of several false Forms W-4 submitted to his employer was dated April 22, 1980, a week after his 1979 tax return was due. Such forms have been held to constitute evidence of fraud. See United States v. Connor, F.2d (3d Cir., Mar. 21, 1990); Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983); compare Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. T.C. Memo. 1980-571. Petitioner also admitted using six separate Social Security numbers during the 3 years *270 in issue, and he has offered no explanation for this apparent attempt to conceal income. Petitioner had substantial taxable income, from 57 payors, for 1979 and failed to file a return reporting that income. Failure to file without further independent indications of fraudulent intent does not support the addition to tax under section 6653(b). Cirillo v. Commissioner, 314 F.2d 478, 482 (3d Cir. 1963); Kotmair v. Commissioner, 86 T.C. 1253, 1260-1261 (1986). Here, however, petitioner had substantial income, from multiple sources, in 1979, as well as in 1980 and 1981. During each year, he filed protest Forms 1040, indicating a deliberate attempt to evade payment of taxes. He filed false Forms W-4 and used multiple Social Security numbers and at least one nominee, devices commonly used to conceal income. His consistent pattern of noncompliance commenced in 1979, and consistent failure to report substantial amounts of income over a number of years is evidence of fraudulent intent. Schwarzkopf v. Commissioner, 246 F.2d 731, 734 (3d Cir. 1957), *271 citing Holland v. United States, 348 U.S. 121, 137 (1954); Cirillo v. Commissioner, 314 F.2d at 483. His conduct cannot be excused as mere exercise of First Amendment rights. See United States v. Rowlee, F.2d (2d Cir., Mar. 19, 1990); United States v. Malinowski, 472 F.2d 850, 857 (3d Cir. 1973). While claiming that he acted in good faith, petitioner has persisted in a course of conduct that can only be explained on this record as intended to prevent the collection of taxes known to be owing. Respondent has satisfied his burden of proving fraud for each year. Section 6654(a)
Section 6654(a) establishes an addition to tax for failure to pay estimated tax. It is mandatory in the absence of exceptions not applicable to petitioner. Grosshandler v. Commissioner, 75 T.C. 1 (1980). Respondent's determination as to these additions for 1980 and 1981 is, therefore, sustained. Statute of Limitations
Section 6501 provides *272 that the general rule, that taxes must be assessed within 3 years after a return was filed, does not apply in the case of a false return, a willful attempt to evade tax, or a failure to file a return. Section 6501(c)(1), (2), and (3). As indicated above, respondent has proven fraud on the part of petitioner for 1979, 1980, and 1981. In any event, because the Forms 1040 filed by petitioner contained only frivolous objections and did not provide any information from which his tax liability could be determined, they did not constitute valid returns. United States v. Edelson, 604 F.2d 232 (3d Cir. 1979); Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986); Reiff v. Commissioner, 77 T.C. 1169, 1177-1179 (1981); Cupp v. Commissioner, 65 T.C. 68, 79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Brobeck v. Commissioner, T.C. Memo. 1980-239, affd. without published opinion 681 F.2d 804 (3d Cir. 1982). *273 Thus the statute of limitations does not bar assessment for any of the years in issue. Section 6673
Section 6673(a)(1), as applicable to positions taken after December 31, 1989, in proceedings that are pending on or commenced after that date, provides as follows: (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Not once in this proceeding has petitioner challenged the amount of income, deductions, or tax determined by respondent other than by denying any liability. He has never provided any facts that would suggest that respondent's *737 determination is in any respect erroneous. He objects that they are "irrelevant and immaterial." By his frivolous *274 responses to respondent's requests for admissions, he admitted details concerning items of income set forth above. He has also admitted that he has no deductions that have not been allowed. His position throughout this case has been to make frivolous arguments concerning the authority of the Internal Revenue Service to make the determinations that have been made. He asserts groundlessly that he is not liable for tax on his wages, interest, dividends, or gains from sales of stock. His income from those sources exceeded $ 224,000, and the resulting deficiencies and additions to tax that we have sustained exceed $ 143,000 for the 3 years in issue. His conduct has made clear his intention to continue to repudiate his tax obligations. Certainly petitioner was put on notice during the criminal proceedings leading to his conviction for 1980 and 1981 that he was obligated to pay income taxes and to file income tax returns. Respondent's answer set forth in detail the basis for the additions to tax for fraud and exceptions to the normal period of limitations. Petitioner was warned by the Court's order of January 9, 1990, and at trial that he was risking imposition of a penalty in the *275 maximum amount under section 6673. Yet, he persisted before, during, and after trial to ignore the facts and law applicable to his case. His conduct was patently wilful and his positions were taken in bad faith. While we would be reluctant to impose additional monetary sanctions if a serious challenge of the fraud determination or assertion of the bar of limitations had been raised, we conclude that petitioner's conduct in this case justifies an award under section 6673. See Granado v. Commissioner, 792 F.2d 91 (7th Cir. 1986), affg. a Memorandum Opinion of this court; Sauers v. Commissioner, 771 F.2d 64, 68-69 (3d Cir. 1985), affg. a Memorandum Opinion of this Court. Considering the amounts of unreported income, the total deficiencies and additions to tax owing, petitioner's blatant disregard of multiple warnings, and the volume of frivolous paper placed in the record by petitioner, we conclude that the maximum amount of $ 25,000 is appropriate. Conclusion
Respondent's Motion for Summary Judgment and respondent's Motion for Damages Under I.R.C. Section 6673 will be granted, and petitioner will be required to *276 pay to the United States a penalty in the amount of $ 25,000. Decision will be entered for the respondent.