JOHN F. THIBAULT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thibault v. Commissioner
Docket No. 14087-93
United States Tax Court
T.C. Memo 1994-495; 1994 Tax Ct. Memo LEXIS 497; 68 T.C.M. (CCH) 881; October 6, 1994, Filed *497 Decision will be entered for respondent. John F. Thibault, pro se. For respondent: Mary Beth Calkins. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $ 6,484 and $ 8,949 in petitioner's Federal income tax for 1989 and 1990, respectively. Respondent also determined fraud penalties under section 6663 in the amounts of $ 4,863 and $ 6,712 for 1989 and 1990, respectively. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are whether petitioner is entitled to a dependency exemption, a deduction for alimony, and various Schedule A and Schedule C deductions claimed on his returns and whether he is liable for the additions to tax for fraud. FINDINGS OF FACT Some of the facts have been stipulated, and many facts have been deemed admitted by petitioner's failure to respond to respondent's request for admissions. At the time he filed his petition, petitioner was a resident of Hattiesburg, Mississippi. Beginning in 1988 and continuing into 1991, petitioner was *498 employed by SOS Services, Incorporated, doing business as SOS Temporary Services (SOS). As an employee of SOS, petitioner was assigned to clients of SOS to perform various computer services. Petitioner submitted to SOS Forms W-4 for 1989 and 1990 in which he falsely claimed to be exempt from Federal income taxes. By submitting the false Forms W-4, petitioner intended to and did prevent withholding of Federal income taxes from his wages during 1989 and 1990. Petitioner attempted to cause SOS to treat him as an independent contractor, not subject to withholding, but SOS refused to do so. During 1989 and 1990, petitioner earned wages of $ 44,875.68 and $ 59,009.33, respectively, from SOS. SOS sent Forms W-2 to petitioner reporting the wages that were paid to petitioner. Prior to March 1985, petitioner was married to Nancy C. Thibault. In a Decree of Dissolution of Marriage entered in March 1985, petitioner was ordered to pay child support to Nancy C. Thibault (Ms. Thibault) for the support of Andrew B. Thibault (Andrew). Custody of Andrew was awarded to Ms. Thibault, subject to visitation with petitioner. The decree did not award any alimony or spousal support. The decree *499 provided that Ms. Thibault was entitled to claim Andrew as a dependent on any Federal and State income tax returns so long as she had custody of Andrew. On his Federal income tax returns for 1989 and 1990, petitioner claimed Andrew as a dependent and deducted $ 2,579.92 and $ 9,449.23, respectively, as alimony. Andrew was still in the custody of Ms. Thibault, and petitioner did not pay any alimony during those years. He was, therefore, not entitled to treat Andrew as a dependent or to deduct any amount for alimony paid. On Schedules A attached to his returns for 1989 and 1990, petitioner claimed deductions for gifts to charity, casualty and theft losses, and employee business expenses. Either the expenses were not incurred or the amounts claimed by petitioner exceeded the amounts incurred during the years in issue. Petitioner was not entitled to the Schedule A deductions that he claimed. On Schedules C attached to petitioner's Federal income tax returns for 1989 and 1990, petitioner deducted car and truck expenses, legal and professional services, and various other expenses. Either the expenses that were deducted were not incurred or the amounts claimed by petitioner exceeded *500 the amounts that were incurred during the years in issue. Petitioner is an educated and intelligent individual who knew that he was not entitled to the deductions that he claimed for a dependency exemption, for alimony, and on Schedules A and C of his returns. By reason of the excessive deductions claimed on his tax returns for 1989 and 1990, petitioner reported that he was not liable for Federal income taxes for either year. Petitioner thus underpaid his taxes for each year, and each underpayment was attributable to fraud on the part of petitioner. OPINION Petitioner has engaged in ongoing disputes with his former wife, SOS, and the Internal Revenue Service. Neither during the audit of his income tax returns for the years in issue nor at trial, however, did petitioner present any evidence that he was entitled to the deductions that he claimed on his income tax returns for the years in issue. Notwithstanding the Court's attempt to direct his testimony to specific deductions, he declined to address them. He presented only irrelevant and hearsay documents and schedules that he had created subsequent to the years in issue. He asserted, but did not prove, that the decree dissolving *501 his former marriage was not in effect for the years in issue. The limited testimony that he gave was not credible. The addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Respondent has the burden of proving, by clear and convincing evidence, an underpayment for each year and that some part of the underpayment was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *502 Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence, because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). In this case, respondent has established an underpayment of taxes for each year by proving that some of the deductions that were claimed by petitioner, specifically deductions for alimony and a dependency exemption, were false. See Toussaint v. Commissioner, 743 F.2d 309, 312 (5th Cir. 1984), affg. T.C. Memo. 1984-25. Petitioner's overstatement of other deductions has been expressly admitted by his failure to respond to requests for admissions. In any event, petitioner's failure to produce any substantiation of the numerous deductions claimed by him justifies the inference that they were nonexistent or exaggerated. Petitioner's filing of *503 a false Form W-4 is also evidence of fraudulent intent. Granado v. Commissioner, 792 F.2d 91 (7th Cir. 1986), affg. T.C. Memo. 1985-237; Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983). Section 6663(b) provides as follows: (b) Determination of Portion Attributable to Fraud. -- If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud.
Petitioner has failed to prove that he is entitled to any of the deductions claimed on his returns or that any of them were claimed for reasons other than fraudulently to eliminate his tax liability for the years in issue. The 75 percent penalties for fraud under section 6663(a), therefore, applies to the entire underpayments determined by respondent in this case. Decision will be entered for respondent.