Gregory T. GRANADO, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–2500.

United States Court of Appeals, Seventh Circuit.

Submitted May 13, 1986.*

Decided June 5, 1986.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Gregory T. Granado, Hammond, Ind., for petitioner-appellant.

Fred T. Goldbert, Jr., Chief Counsel, I.R.S., Glenn L. Archer, Asst. Atty. Gen. Tax Div., Dept. of Justice, Roger M. Olsen, Act. Asst. Atty. Gen., Dept. of Justice, David English Carmack & Janet A. Bradley, Washington, D.C., for respondent-appellee.

Before CUMMINGS, Chief Judge, WOOD and POSNER, Circuit Judges.

PER CURIAM.

■ Section 6653(b) of the Internal Revenue Code provides that "if any part of any underpayment ... of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." The issue presented in this case is whether the Commissioner may assess civil fraud penalties on a tax protester who filed numerous false W–4 forms in 1980 and 1981 and failed to file tax returns in those years. Appellant Granado claims that he is not liable for the fraud penalties because he notified the Commissioner through various communications that he was filing the false forms in the belief that he was exempt from taxation. His belief that he was exempt was based on frivolous arguments such as wages are not income. *See Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir.1986) (citing numerous cases). The Tax Court held that the Commissioner properly assessed the civil fraud penalties. In upholding the Commissioner's assessment, the Tax Court found that Granado had filed federal income tax returns from 1969 through 1979, and that he "must have known, or reasonably should have known" that he was required to pay federal income taxes. The court concluded that the filing of the false W–4s, thereby eliminating withholding, combined with the failure to file tax returns for 1980 and 1981 established an intent to evade the payment of income taxes and justified the imposition of the civil fraud penalties. We affirm. In so holding, we reject the analysis of the Third Circuit in *Raley v. Commissioner,* 676 F.2d 980 (3d Cir.1982).

In *Raley v. Commissioner,* 676 F.2d 980 (3d Cir.1982), a case factually indistinguishable from this one, the Third Circuit stated that fraud encompassed "intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing." *Id.* at 983 (quoting *Stoltzfus v. United States,* 398 F.2d 1002, 1004 (3d Cir.1968), *cert. denied,* 393 U.S. 1020, 89 S.Ct. 627, 21 L.Ed.2d 565 (1969)). The court stated that Raley's actions in filing false W–4 forms and incomplete tax returns which falsely indicated that those returns were amending prior

returns might ordinarily justify imposing the civil fraud penalties. However, the court held that because Raley "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes," he was not liable for penalties under section 6653(b). *Raley*, 676 F.2d at 984.

The Tenth Circuit in *Zell v. Commissioner*, 763 F.2d 1139 (10th Cir.1985), considered a case with similar facts. The majority of the panel that considered the issue endorsed the reasoning of *Raley*, concluding that "[c]learly, where the taxpayer has informed the IRS of his refusal to file or to pay, and of the reasons for that refusal, the government has not been deceived." 763 F.2d at 1144. The court found support for its conclusion by comparing section 6653(b) with section 6653(a). Section 6653(a) imposes a 5% penalty when underpayment is "due to negligence or intentional disregard of rules or regulations (but without intent to defraud)." The court stated that the fraud provisions of the tax code "require more than a disclosed willful refusal to file or the filing of protest returns." However, the court went on to hold that the filing of false W–4 forms provided an "affirmative act of concealment or misrepresentation" that justified the imposition of the civil fraud penalties. *Id.* at 1146.

Judge Barrett, disagreeing with the analysis of the majority opinion in *Zell*, wrote an opinion concurring in the result. *Zell*, 763 F.2d at 1147 (Barrett, J., concurring in result). He noted that *Raley* was factually indistinguishable from *Zell*. He pointed out that both cases involved taxpayers who "(a) were in the income tax protest movement, (b) did not file income tax returns for two years, (c) filed false income tax returns for two years, and (d) supplied false W–4 withholding forms." *Id.* Judge Barrett found the *Raley* court's reasoning flawed because it "defied the purpose of the code." Judge Barrett reasoned that "[o]ne who goes out of his or her way to inform the world at large that he or she will not pay federal income taxes is surely evading a tax known to be ow-

ing." *Id.* He found that "intentional failure to disclose *any* income from which a tax may be computed is far more serious than intentionally understating or concealing income." *Id.* (emphasis in original) He concluded that the government can establish fraud under section 6653(b) without proving an evil motive or sinister purpose. Rather, he found that the government only had to show that the taxpayer attempted to evade a tax that he knows is owed to the government. *Id.* at 1148.

■ We agree with Judge Barrett that *Zell* is really indistinguishable from *Raley*. By upholding the Tax Court, we are following the holding of *Zell* but we do not mean to adopt its analysis insofar as it accepted the reasoning of *Raley*. As the Ninth Circuit recently pointed out, fraud under section 6653 "is intentional wrongdoing on the part of the taxpayer to avoid a tax known to be owing." *Akland v. Commissioner*, 767 F.2d 618, 621 (9th Cir.1985). By filing fraudulent W–4 forms and failing to file tax returns, appellant succeeded in avoiding paying taxes for a number of years. The fact that he told the Internal Revenue Service that he was evading taxes does not make it any less fraudulent. As Judge Barrett pointed out, the civil fraud provisions are there in part to reimburse the government for the expense that it incurs in collecting taxes that the taxpayer declined to pay even though he knew that he owed the government the money. *Zell*, 763 F.2d at 1147 (Barrett, J., concurring) (citing *Helvering v. Mitchell*, 303 U.S. 391, 401, 58 S.Ct. 630, 82 L.Ed. 917 (1938)). It is now 1986 and the government is still seeking to collect appellant's taxes for 1980 and 1981. Although appellant's disclosure of fraudulent activity to the Commissioner may make the Commissioner's job somewhat easier, it is still a difficult burden to collect taxes from an individual who has knowingly filed false W–4 forms and refused to file income tax returns. The civil fraud penalties, along with other penalties, help reimburse the government for expenses that it incurs in collecting taxes that an individual has fraudulently avoided. In addition, the

penalties are intended to deter those individuals who seek to avoid taxes unlawfully. *See Coleman*, 791 F.2d at 69. We hold that a taxpayer cannot avoid the fraud penalties by notifying the Commissioner that he has been evading taxes and that he will continue to do so.

In summary, we affirm the Tax Court's finding that appellant is liable for civil fraud penalties under section 6653(b). The government has met its burden of proving fraud by clear and convincing evidence. *Plunkett v. Commissioner*, 465 F.2d 299, 303 (7th Cir.1972). Taxpayer's other arguments do not require discussion.

 We turn to the matter of sanctions. The Tax Court used its discretion under 26 U.S.C. § 6673 to award $5000 in damages (the highest amount allowable under section 6673) to the United States because Granado presented frivolous arguments to the Tax Court. The Tax Court reasoned that the government had notified respondent: (1) that it believed his arguments were frivolous, (2) that section 6673 sanctions were available, and (3) that the Tax Court had previously imposed sanctions of $5000 on a tax protestor (the government sent a copy of *Abrams v. Commissioner*, 82 T.C. 403 (1984), to Granado). Nonetheless, Granado continued to present frivolous arguments to the Tax Court. If Granado had limited his arguments to challenging the fraud penalties for the reasons discussed in this opinion, sanctions would probably not be an issue. However, he did not. He pressed on with his contention that wages are not income. This action alone justified the imposition of sanctions under section 6673 which allows the imposition of sanctions when "the taxpayer's position in such proceedings is frivolous or groundless." We also find that sanctions by this court are appropriate. Although appellant raised one nonfrivolous argument, 22 of the 24 pages of his opening brief are devoted to frivolous arguments. We have stated often and most recently in *Coleman* that litigants who pursue frivolous arguments before this court can expect sanctions. *See Coleman*, at

72 (citing *Connor v. Commissioner*, 770 F.2d 17, 20 (2d Cir.1985) (argument that wages are not income has been rejected so frequently that the very raising of it justifies the imposition of sanctions)); *see also Cameron v. I.R.S.*, 773 F.2d 126, 129–30 (7th Cir.1985) (although appeal raised one issue that court thought useful to comment on, the suit as a whole was frivolous and therefore justified the imposition of sanctions). Therefore, for the reasons given in *Coleman*, we award the government double costs and $1500 damages under Fed.R. App.P. 38.

AFFIRMED.