4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gaylon L. HARRELL, Plaintiff/Appellant,
v.
UNITED STATES of America, being sued as United States
(corporation), Defendant/Appellee.
 No. 92-3510.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 1, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Gaylon Harrell neglected to pay his 1988 federal taxes. In April of 1992 the Internal Revenue Service served a levy upon Caterpillar, Inc., Harrell's employer, to collect the unpaid taxes plus interest, a sum of $4424. Harrell filed a complaint against the Internal Revenue Service pursuant to 26 U.S.C. Sec. 7433(a), which allows a taxpayer to bring a civil action for damages against the United States "[i]f, in connection with any collection of Federal tax ..., any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]." He alleged that the agent of the Internal Revenue Service who authorized the levy recklessly or intentionally acted beyond the scope of her statutory authority (as set forth in 26 U.S.C. Sec. 6331(a)) and caused him to suffer monetary damages in the amount of $100,000.
 
 
 2
 The government moved to dismiss the complaint and sought sanctions against Harrell pursuant to 26 U.S.C. Sec. 6673(b)(1). The district court treated the motion as one for summary judgment, see Fed.R.Civ.P. 56, and entered judgment in favor of the government on the ground that Harrell had failed to exhaust his administrative remedies as required by 26 U.S.C. Sec. 7433(d)(1) and 26 C.F.R. Sec. 301.7433-1(d)-(f) (1992). The court also imposed sanctions in the amount of $500. Harrell appeals.
 
 
 3
 Section 7433(d)(1) prohibits an action against the United States in district court under Sec. 7433(a) unless the court determines that the taxpayer has exhausted the administrative remedies available to him within the Internal Revenue Service. The regulation attendant to Sec. 7433, Treasury Regulation Sec. 301.7433-1, requires a taxpayer to file with the Internal Revenue Service an administrative claim for damages sought under Sec. 7433 (26 C.F.R. Sec. 301.7433-1(d)-(f) (1992)) and prohibits the taxpayer from filing a suit in district court until that claim is filed and, with an exception that is not relevant to this case, acted upon (26 C.F.R. Sec. 301.7433-1(a) and (d) (1992)).
 
 
 4
 Harrell did not allege in his complaint or in his response to the government's motion to dismiss that he filed an administrative claim with the Internal Revenue Service before he filed his suit in district court. In fact, on appeal he concedes this point. Instead he argues that he was not required to exhaust his administrative remedies before filing his suit because he is complaining about the very act of levying on his wages, as opposed to, for example, a continued levy or a continued lien on his property. In support of this argument Harrell cites Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir.1992). There the court found that the taxpayer's complaint under Sec. 7433(a) was based upon the Internal Revenue Service's very filing of the liens against its property and not upon the maintenance of those liens. Id. at 1128. The court also found that by the time the taxpayer had filed its suit the Internal Revenue Service already had released the liens. Id. at 1126-27. The court held that because of these two facts the taxpayer did not have to exhaust the administrative remedies set forth in Treasury Regulation Sec. 401.6325-1 concerning the release of a tax lien. Id. at 1128. According to the court, the administrative remedies that were available could not provide a remedy for damages that the taxpayer incurred by the mere filing of the liens, and so a private cause of action was the taxpayer's sole recourse. Id.
 
 
 5
 Information Resources is inapposite. The court in that case could not consider the administrative procedures set forth in Treasury Regulation Sec. 301.7433-1, for the regulation was promulgated on January 30, 1992, and only applies to civil actions filed after that date. See 26 C.F.R. Sec. 301.7433-1(i) (1992). The taxpayer in Information Resources filed its suit in the district court in 1990, well before the regulation went into effect. By contrast, Harrell filed his complaint in the district court on July 24, 1992. He therefore must comply with the administrative procedures set forth in Sec. 301.7433-1 assuming, of course, that these procedures provide him with a remedy. They do. Section 301.7433-1(a) states that a taxpayer can recover the lesser of $100,000 or the sum of the actual, direct pecuniary damages sustained as the proximate result of the employee's reckless or intentional conduct as well as costs of the action. Harrell can recover damages in the administrative forum if he can establish that an agent of the Internal Revenue Service intentionally or recklessly levied his wages without a lawful basis for doing so.
 
 
 6
 Thus unlike in Information Resources, in this case an administrative remedy exists: A suit in federal court is not the sole recourse that Harrell has to recover damages for the alleged wrongful act of levying his wages. Harrell can obtain the same remedy in the administrative proceeding that he could in federal court. Section 7433(d)(1) says that Harrell must exhaust his administrative remedies before he files a suit in federal court. Because he failed to do so, the district court lacked subject matter jurisdiction over Harrell's suit, 26 U.S.C. Sec. 7433; McKart v. United States, 395 U.S. 185, 193 (1969), and properly dismissed it.
 
 
 7
 Interestingly, Harrell does not argue on appeal that the district court's decision to sanction him pursuant to Federal Rule of Civil Procedure 11 and 26 U.S.C. Sec. 6673(b) constituted an abuse of discretion. We therefore do not review the court's imposition of sanctions. The government has asked us to award it $1500 as a sanction against Harrell for taking a frivolous appeal pursuant to 28 U.S.C. Sec. 1912 and Rule 38 of the Federal Rules of Appellate Procedure. See also Cir.R. 38 ("The court may, on its own or on motion of a party, impose sanctions on a party ... as otherwise authorized by law."). Both Sec. 1912 and Rule 38 grant us the discretion to award damages and single or double costs as a sanction against bringing a frivolous appeal. Coleman v. Commissioner, 791 F.2d 68, 72 (7th Cir.1986). Harrell's claim that he was not required to exhaust his administrative remedies prior to filing a suit in district court is not frivolous. A claim is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Id. at 71. Harrell's claim was not contrary to established law. Harrell had a colorable argument that the Fifth Circuit's decision in Information Resources should govern his case and therefore he did not have to exhaust his administrative remedies before filing his suit under Sec. 7433(a) in district court. As discussed above, that decision was rendered before the enactment of new Treasury Regulations that provide an administrative remedy and, as we held above, these new regulations undercut the premise of the decision, that there is no administrative remedy that a taxpayer must exhaust before filing a suit. But this proposition is not well settled: no court of appeals has addressed the issue, and only a handful of district courts have. See, e.g., Hearn v. United States, No. A-92-CA-090 SS, 1993 WL 266945, at * 7, 1993 U.S.Dist. LEXIS 6900, at * 21 (W.D.Tex. Apr. 30, 1993); McGarvin v. United States, No. 4:92CV001816 JCH, 1993 WL 208814, at * 1-2, 1993 U.S.Dist. LEXIS 4004, at * 2-* 4 (E.D.Mo. Mar. 9, 1993). This claim therefore cannot be considered frivolous.
 
 
 8
 Nevertheless, the other claims that Harrell makes in his brief are frivolous, and we may sanction Harrell pursuant to Federal Rule of Appellate Procedure 38 for raising them on appeal. Harrell claims that he is not subject to federal income taxes because he has never made an "election" to be treated as a resident of the United States pursuant to 26 U.S.C. Sec. 1. The notion that a person is subject to the Internal Revenue Code and is liable for federal income tax only if he so chooses has been repeatedly rejected by the courts. McLaughlin v. Commissioner, 832 F.2d 986, 987 (7th Cir.1987). Harrell also claims that the Secretary of the Treasury has not delegated his authority to issue notices of levy to the Internal Revenue Service and, as such, the employee of the Internal Revenue Service who issued the levy in this case acted outside her scope of authority. This claim is frivolous. The "Secretary" has the authority to issue levies. 26 U.S.C. Sec. 6331. The "Secretary" means the Secretary of the Treasury "or his delegate." Id. Sec. 7701(a)(11)(B). The phrase "or his delegate" is defined as any employee of the Treasury Department who is authorized to perform the given duty either directly or indirectly, through one or more redelegations of authority. Id. Sec. 7701(a)(12)(a). Treasury Regulation Sec. 301.7701-9(b) states that any time a function of the Internal Revenue Code is vested in the Secretary and his delegate, and the regulations provide that such function may performed by another, "such provision in the regulations ... shall constitute a delegation by the Secretary of the authority to perform such function to the designated officer or employee." Treasury Regulation Sec. 301.7701-1 authorizes various employees of the Internal Revenue Service to issue levies. Thus the employee of the Internal Revenue Service who issued the levy upon Harrell's wages clearly had the authority to do so.
 
 
 9
 Circuit Rule 38 says that "before imposing sanctions the court will give reasonable notice to the person or persons that it is contemplating sanctioning and give those persons an opportunity to respond." Nevertheless, since the government fully discussed in its brief the question whether to award sanctions, and Harrell had an opportunity to respond, the rule does not require us to allow further briefing before we award sanctions. See Colosi v. Electri-Flex Co., 965 F.2d 500, 504-05 (7th Cir.1992). Nor must we order the government to submit an itemized request for attorneys' fees and costs; we can instead award a monetary penalty, see Coleman, 791 F.2d at 72-73 and cases cited there. The government has asked for a penalty of $1500, which will partly defer the direct costs of defending Harrell's appeal and which might deter future frivolous appeals. Harrell raised two frivolous claims, and a single nonfrivolous claim. We will award sanctions of $1000. The district court's judgment is AFFIRMED, with an additional $1000 damages.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record