T.C. Memo. 1998-207

UNITED STATES TAX COURT

GAYLON L. HARRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7339-95.                         Filed June 15, 1998.

        P did not file a Federal income tax return for 1991,
1992, or 1993.  R determined deficiencies and additions to
tax for each year.  R filed a motion under Rule 40, Tax
Court Rules of Practice and Procedure.  This Court granted
R's motion, in part, with respect to the deficiencies in
income tax and additions to tax under secs. 6651(a)(1) and
6654, I.R.C., but denied the motion as to the issue of P's
liability for the fraud addition to tax under sec. 6651(f),
I.R.C. 1986, for 1993.

        1.  <u>Held</u>:  P is liable for an addition to tax for fraud
under sec. 6651(f), I.R.C. 1986, for 1993.

        2.  <u>Held</u>, <u>further</u>, P is liable for a penalty of $10,000
under sec. 6673, I.R.C. 1986.

Gaylon L. Harrell, pro se.

James A. Kutten, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHABOT, Judge:  Respondent determined deficiencies in
Federal individual income tax and additions to tax under sections
6651(a)(1)[1] (failure to file), 6651(f) (fraud), and 6654[2]
(underpayment of estimated tax) against petitioner as follows:

| Year | Deficiency | Additions to Tax | | |
|------|-----------|------------------|--------------|----------|
| | | Sec. 6651(a)(1) | Sec. 6651(f) | Sec. 6654 |
| 1991 | $3,436 | $859 | -- | $113 |
| 1992 | 3,293 | 823 | -- | 79 |
| 1993 | 6,374 | -- | $2,868 | 269 |

---

[1]   The notice of deficiency computations for the additions
to tax under secs. 6651(a)(1) and 6651(f) did not take into
account withholdings on petitioner's wages.  Sec. 6651(b)(1).
Respondent concedes that (1) the additions to tax due under sec.
6651(a)(1) for 1991 and 1992 are in the amounts of $737 and $738,
respectively, and not in the amounts of $859 and $823, as
determined in the notice of deficiency; and (2) the addition to
tax due under sec. 6651(f) for 1993 is $2,239, and not $2,868 as
determined in the notice of deficiency.

Unless indicated otherwise, all section references are to
sections of the Internal Revenue Code of 1986 as in effect for
the years in issue.

[2]   The notice of deficiency computation for the addition
to tax under sec. 6654 also apparently failed to take into
account withholdings on petitioner's wages.  Sec. 6654(g).  The
Rule 155 computation is to take into consideration withholdings
from petitioner's wages, in computing this addition to tax.

Unless indicated otherwise, all Rule references are to the
Tax Court Rules of Practice and Procedure.

After resolution of other matters,[3] the issue for decision is whether petitioner is liable for the fraud addition to tax under section 6651(f) for 1993. On the Court's own motion we also consider the penalty under section 6673.

## FINDINGS OF FACT

Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference.

When the petition was filed in the instant case, petitioner resided in Latham, Illinois.

Petitioner was employed as a substitute rural carrier for the U.S. Postal Service (hereinafter sometimes referred to as the USPS) from 1967 through 1991. From 1992 onward he has been employed as a full-time rural carrier for the USPS.

Petitioner had filed tax returns for about 20 years until 1979. He has not filed any tax returns since 1979. Petitioner generally had tax return preparers prepare his tax returns. His last tax return was prepared by a tax return preparer. Petitioner never asked a tax return preparer if petitioner had a duty to file a tax return. Petitioner never asked a certified

---

[3] Respondent moved to dismiss this case under Rule 40 for failure to state a claim on which relief could be granted. In our earlier opinion in this case disposing of this motion, Harrell v. Commissioner, T.C. Memo. 1996-64, we treated respondent's motion as a motion for partial judgment on the pleadings, and granted judgment in favor of respondent except as to the fraud addition to tax.

public accountant about petitioner's duty to file a tax return for 1993. Petitioner's failure to file tax returns since 1979 is intentional.

During 1993, petitioner had wage income from the USPS in the amount of $23,371.94, from which there was withheld $3,389.83 income tax, $1,449.06 Social Security tax, and $338.89 Medicare tax. Petitioner also received pension distributions from the Caterpillar NCP Trust in the amount of $15,720 during 1993.

Petitioner has not had a bank account in his name since about the mid-1980's. For about 10 years, including 1993, petitioner had his paychecks deposited into a checking account in the name of his adult son, Randy. Petitioner does not have signatory authority over this checking account. Randy wrote checks on this checking account to petitioner, petitioner cashed the checks, and petitioner then used the currency obtained thereby to pay his expenses.

The petition and amended petitions that petitioner filed in the instant case raised frivolous contentions that resulted in this Court's granting partial judgment on the pleadings in favor of respondent. Our opinion disposing of respondent's motion, Harrell v. Commissioner, T.C. Memo. 1996-64, closed with the following paragraph.

> We would ordinarily caution petitioner that his continuing advancement of frivolous and groundless protester allegations might subject him to a penalty under the provisions of section 6673. Petitioner, however, has already received and ignored such a warning. Petitioner is

interested only in using the Federal courts to propound his misguided views on the Federal income tax system, not in disputing the merits of either the deficiencies in tax or the additions to tax determined by respondent.  See Harrell v. United States, 13 F.3d 232, 235 (7th Cir. 1993) ("Harrell's challenge to the tax assessment is frivolous"); Harrell v. Commissioner, T.C. Memo. 1994-406 (petitioner's argument declared frivolous and sanctions imposed under section 6673), affd. without published opinion 72 F.3d 132 (7th Cir. 1995).  Petitioner should nevertheless note that in view of his past actions, his persistent assertion in this case of frivolous and groundless arguments is likely to result in section 6673 sanctions larger than those previously imposed upon him.

In due course, the instant case was set for trial.  During the preliminary proceedings at the trial session, the following occurred:

THE COURT:  All right.  Now, Mr. Harrell, before I ask you about an opening statement, I guess one of the things that I must remind you is that Judge Dean in his opinion stated that you were warned that the Court might impose a penalty under Section 6673 against you, and that matter is also part of our proceedings.  And you should note, by the way, that there have been occasions in which this Court has ended up ruling for the taxpayer on a dispute about fraud, and still ended up imposing the penalty under Section 6673 because of the nature of the taxpayer's arguments.  So that, too, in addition to the fraud addition to tax for 1993 is before us at this point.

Now, Mr. Harrell, do you wish to make an opening statement, and do you wish to have your trial memorandum filed as part of your opening statement?

Mr. HARRELL:  Yes.  I would like to have my trial memorandum with exhibits filed on record.  That's correct.

The Court then noted that the document that petitioner offered was rather bulky and appeared to include a number of different items.  The following ensued:

THE COURT:  Let's do it this way.  Mr. Harrell, would you look at this package and just make sure that we've got

what you want to file, okay, rather than my reading things out and you're trying to catch on the fly what I'm saying.

MR. HARRELL: (Perusing documents.) That's correct, Your Honor. The entire package.

THE COURT: Is your --

MR. HARRELL: That's correct.

THE COURT: All right. Mr. Clerk, would you file Petitioner's trial memorandum with the attached materials?

The series of items that petitioner thus filed as his trial memorandum is 44 pages long; it is essentially an argument that Federal Reserve Notes are not money and that they do not have any value.

The documents that petitioner filed in the instant case, and petitioner's testimony, include the following:

Petitioner did in fact receive payment for services actually rendered in a fair market value exchange * * * not comprising taxable income, said acts performed under the Unalienable rights to life, liberty, pursue happiness and acquire property, with labor being property. [Am. PTN, p.2, par.10]

[F]ailure by the Respondent to recognize the Unalienable Rights of the Petitioner and the Fair Market Value Exchange of his labor * * * would amount to a denial of due process and constitutional and civil rights violations. [Am. PTN, p.2, par.11]

Petitioner has made a direct challenge to the jurisdiction of the Commissioner * * *. [2d Am. PTN, p.4, par.4(d)]

All Federal Reserve Notes were NOT redeemable in any lawful money of the United States. [P's resp. to ST., p.2, par.19]

Federal Reserve Notes have never been considered by Congress or the Constitution to be Constitutional Money. [P's resp. to ST., p.2, par.20]

The issue that I want to bring forth is the Federal Reserve notes that circulate as dollars today are not dollars, and I didn't receive dollars. And I still stand and believe that I had no duty to report to the Federal Government my receipt or my expenditures of Federal Reserve notes. Federal Reserve notes are not legal tender, * * * Federal Reserve notes do not conform to the purported guidelines of their issuance, * * *. The founding fathers never intended for anything but dollars representing a parity of gold or silver content in fineness and weight as defined by the Coinage Act of 1792. [TR 30, lines 12-25; TR 31, lines 1-2]

At the end of the trial the Court described the role of post-trial briefs, stressed the importance of proposed findings of fact, and emphasized that each proposed finding of fact "should state where in the record is the basis for this proposed finding of fact."

Petitioner's proposed findings of fact, in their entirety, are as follows:

PETITIONER'S REQUEST FOR FINDING FACT [sic]

1. Throughout the year 1993, or any other year, petitioner was not involuntarily obligated to file a federal income tax return, returning a portion of the unredeemable Federal Reserve notes to respondent and its issuer the United States.

2. Because petitioner was not obligated to file this return to the obligator in the first instance, fraudulent penalties in denominational amounts of unredeemable Federal Reserve notes should not be levied against the petitioner in accordance with § 6673 or any other internal revenue law for that matter.

Petitioner has been before this and other courts on income tax matters on numerous occasions, as shown in table 1.

Table 1

Harrell I

Harrell v. United States, No. ___ (C.D. Ill. Jan. 18, 1991) (dismissing petitioner's challenge to propriety of levy on wages; described in Harrell II).

Harrell II

Harrell v. United States, No. 91-3040, 1991 U.S. Dist. LEXIS 6773, 1991 WL 631008 (C.D. Ill. Apr. 11, 1991) (dismissing suit to quiet title to petitioner's wages:  "Although petitioner is representing himself in this action, and pro se complaints must be liberally construed, we caution Plaintiff that he is subject to the mandate of Rule 11 [Fed.R.Civ.P.] and the potential for sanctions should he file a third action in this Court.").

Harrell III

Harrell v. United States, 4 F.3d 996 (table only), 1993 U.S. App. LEXIS 22907, 1993 WL 339716 (text) (7th Cir. 1993) (after District Court granted summary judgment for Government in petitioner's suit for damages under sec. 7433 and imposition of $500 penalty under sec. 6673, Court of Appeals affirmed and imposed additional $1,000 frivolous appeal penalty).

Harrell IV

Harrell v. United States, 13 F.3d 232, 235 (7th Cir. 1993), affg. Harrell II ("So the District Court was correct that it had no jurisdiction over  the case--and for another reason:  Harrell's challenge to the tax assessment is frivolous").

Harrell V

Harrell v. United States, T.C. Memo. 1994-406, (after failing to file tax returns for 1989 and 1990, petitioner contended that he was citizen of the sovereign State of Illinois and that income he received was not taxable by the United States; we sustained Commissioner's determination and imposed $3,000 penalty under sec. 6673), affd. without published opinion 72 F.3d 132 (7th Cir. 1995).

Harrell VI

LaRue v. Collector of Internal Revenue, No. 95-3036, 1995 U.S. Dist. LEXIS 8225, 1995 WL 479521 (C.D. Ill. June 21, 1995)

(Petitioner and others contended that they were exempt from Federal income tax because Illinois is not "State" as defined in the Internal Revenue Code; District Court dismissed complaint and imposed sanctions under Fed. R. Civ. P. 11 on petitioner and everyone else who had signed complaint).

—————————————————

Respondent has shown by clear and convincing evidence that (1) the amount required to be shown as tax by petitioner on a 1993 tax return exceeded the amount withheld from petitioner's wages as income tax, and (2) petitioner's failure to timely file his income tax return for 1993 was fraudulent.

OPINION

I. Sec. 6651(f)

Respondent contends that petitioner's failure to file an income tax return for 1993 is fraudulent.

Petitioner contends that he was not obligated to file tax returns, because the "unredeemable Federal Reserve notes he may have received" are "valueless" and so did not "trigger any involuntary requirement to report such U. S. obligation activity to the respondent." Petitioner contends that, even if Federal Reserve Notes were redeemable from the Treasury in silver coins, he still would not have to file tax returns, because "Under the Fifth Amendment, sustains my right not to have to make a report to the Federal Government." Petitioner also contends that "his employment by the United States Postal Service in 1993 was not an interstate commerce activity".

We agree with respondent.

When determining whether a failure to file is fraudulent under section 6651(f), we must consider essentially the same elements as are considered in imposing the addition to tax for fraud under former section 6653(b)(1) and the present section 6663.  <u>Clayton v. Commissioner</u>, 102 T.C. 632, 653 (1994).

When respondent seeks to impose the addition to tax under section 6651(f),[4] respondent has the burden of proof.  To carry

---

[4]     Sec. 6651 provides, in pertinent part, as follows:

SEC. 6651.  FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure--

(1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

*     *     *     *     *     *     *

(b) Penalty Imposed on Net Amount Due.--For purposes of--

(1) subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return,

*     *     *     *     *     *     *

(continued...)

this burden of proof for a year, respondent must prove the following:  (1) Petitioner's tax liability for that year exceeds petitioner's income tax withholding and other prepayment credits, and (2) petitioner's failure to file a timely tax return for that year is due to fraud.  Sec. 7454(a); Rule 142(b); see Carter v. Campbell, 264 F.2d 930, 936 (5th Cir. 1959); Stone v. Commissioner, 56 T.C. 213, 220 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105, 106 (1969).  Each of these elements must be proven by clear and convincing evidence.  See DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Parks v. Commissioner, 94 T.C. 654, 663-664 (1990); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983).

For this purpose, respondent need not prove the precise amount of the excess of liability over credits, but only that there is some excess and that the failure to timely file is in some respect attributable to fraud.  See Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274.

---

[4](...continued)
    (f) Increase in Penalty for Fraudulent Failure to File.--If any failure to file any return is fraudulent, paragraph (1) of subsection (a) shall be applied--

        (1) by substituting "15 percent" for "5 percent" each place it appears, and

        (2) by substituting "75 percent" for "25 percent".

In proving that there is an excess of liability over credits, respondent may not rely on petitioner's failure to meet his burden of proving error in respondent's determinations as to the excess. See Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989); Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982), and cases cited therein.

A mere failure to file when there is such an excess does not itself establish fraud. However, a pattern of consistent failures to file for several years is strong evidence of fraud. See Estate of Mazzoni v. Commissioner, 451 F.2d 197, 202 (3d Cir. 1971), affg. T.C. Memos. 1970-144 and 1970-37; Adler v. Commissioner, 422 F.2d 63, 66 (6th Cir. 1970), affg T.C. Memo. 1968-100; Otsuki v. Commissioner, 53 T.C. at 108.

The issue of fraud is a factual question that is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner, 465 F.2d at 303; Mensik v. Commissioner, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner, 56 T.C. at 224.

Respondent must show that petitioner intended to evade taxes, which he knew or believed were owed, by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. E.g., Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Danenberg v. Commissioner, 73 T.C. 370, 393 (1979); McGee v. Commissioner, 61 T.C. 249, 256-257 (1973),

affd. 519 F.2d 1121 (5th Cir. 1975). This intent may be inferred from circumstantial evidence, Powell v. Granquist, 252 F.2d at 61; Gajewski v. Commissioner, 67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978), including the implausibility of petitioner's explanations, Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986) (and cases therein cited), affg. T.C. Memo. 1984-601; Boyett v. Commissioner, 204 F.2d 205, 208 (5th Cir. 1953), affg. a Memorandum Opinion of this Court dated Mar. 14, 1951.

A. Tax Liability

We have found that petitioner received wage income of $23,371.94 and pension distributions of $15,720 during 1993. Petitioner has not directed our attention to, and we have not found, anything in the record suggesting that any part of the pension distributions is excludable from gross income (as, for example, investment in the contract, within the meaning of sec. 72), except for petitioner's arguments about the status of Federal Reserve Notes and the "Fair Market Value Exchange of his labor". We conclude that respondent has shown by clear and convincing evidence that petitioner has more than $39,000 of 1993 adjusted gross income.

In the notice of deficiency, respondent allowed deductions of $3,700 for the standard deduction and $2,350 for the personal exemption. Petitioner has not directed our attention to, and we have not found, anything in the record suggesting that he is

entitled to any greater amounts of deductions. We conclude that respondent has shown by clear and convincing evidence that petitioner has a little more than $33,000 of 1993 taxable income.

The 1993 tax tables show an income tax liability of $6,374 for a single person at that taxable income level. Petitioner has not suggested, and we have not found any basis for concluding, that petitioner is entitled to a more favorable tax status (except for his claim to not being taxable under the Internal Revenue Code because the Code is unconstitutional, at least as applied to him) nor that he is entitled to any credit that reduces his tax liability.

The only evidence in the record as to the amount of petitioner's 1993 income tax payments is the stipulated Form W-2 from the USPS, which shows $3,389.83 income tax withholding. Petitioner does not contend, and we have not found any basis for concluding, that petitioner is entitled to any greater amount of withholding or that he made any other payments that are to be taken into account for purposes of section 6651.

We conclude, and we have found, that respondent has shown by clear and convincing evidence that the amount required to be shown as tax by petitioner on a 1993 tax return exceeded the amount withheld from petitioner's wages as income tax.

We hold for respondent on this issue.

B. Fraud

Petitioner filed tax returns for about 20 years until 1979, and then he stopped filing tax returns. His failure to file tax returns since then is intentional.

Petitioner's most clearly stated explanation is that he was paid in Federal Reserve Notes, which are not lawful money and which are worthless. Yet, petitioner used the supposedly worthless Federal Reserve Notes to pay his expenses. We do not believe petitioner really thought that the Federal Reserve Notes were worthless.

Petitioner worked for 24 years as a substitute rural carrier for the USPS, and from 1992 onward as a full-time rural carrier. Evidently, petitioner also had worked for another employer at some time--during 1993 he received $15,720 in pension distributions. We do not believe petitioner would have continued for so long to exchange his labor or services for the right to receive worthless paychecks or worthless currency. Again, we do not believe petitioner really thought that the Federal Reserve Notes were worthless.

Petitioner took the trouble to arrange a home-made money-laundering operation, passing his paychecks through a bank account in the name of his son, and having his son write checks to petitioner on this account. Petitioner has not had a bank account in his name since the mid-1980's. This is evidence that petitioner was concerned with making it more difficult for respondent to locate his assets.

We have concluded that petitioner's 1993 tax liability ($6,374)[5] is almost $3,000 more than his 1993 income tax withholding ($3,389.83). Thus, if respondent had not proceeded against petitioner, then petitioner would have evaded almost half his tax liability.

From the foregoing, we conclude, and we have found, that petitioner's failure to timely file his income tax return for 1993 was fraudulent.

By now, respondent is aware of petitioner's refusals to obey the income tax laws. See supra table 1. This sort of "disclosure" does not affect our conclusions as to civil tax fraud. Edelson v. Commissioner, 829 F.2d 828, 832-833 (9th Cir. 1987), affg. T.C. Memo 1986-223; Granado v. Commissioner, 792 F.2d 91, 93-94 (7th Cir. 1986), affg. T.C. Memo. 1985-237. But see Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982), revg. T.C. Memo. 1980-571.[6]

---

[5] At trial there was some testimony as to petitioner's wife. It was not clear whether petitioner was married in 1993. In the notice of deficiency respondent determined that petitioner was single in 1993. If petitioner were married in 1993, then his tax liability would have been greater than $6,374.

[6] The instant case is appealable to the Court of Appeals for the Seventh Circuit, which has stated that "we reject the analysis of the Third Circuit in Raley v. Commissioner, 676 F.2d 980 (3d Cir. 1982)." Granado v. Commissioner, 792 F.2d 91, 92 (7th Cir. 1986), affg. T.C. Memo. 1985-237. See Golsen v. Commissioner, 54 T.C. 742, 756-758 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

As we have noted, petitioner relies primarily on his stated beliefs about Federal Reserve Notes; in the course of his testimony and his filings in the instant case he also adverts to various constitutional objections. Petitioner does not challenge the wisdom of the hundred-million-plus people who file tax returns, but contends that he is not obligated to file tax returns and will not do so. We do not believe that petitioner had a good-faith misunderstanding of the Internal Revenue Code or the Constitution. Petitioner was not bent on presenting a serious issue to the courts and cooperating with respondent in doing so. Compare Muste v. Commissioner, 35 T.C. 913, 920-921 (1961), with Habersham-Bey v. Commissioner, 78 T.C. at 313-314. Petitioner's asserted confusions are not the sort that enable him to escape our verdict of fraud. Niedringhaus v. Commissioner, 99 T.C. 202, 216-220 (1992).

We hold for respondent on this issue.

## II.  Sec. 6673

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a)[7].

---

[7]      Sec. 6673 provides, in pertinent part, as follows:

SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(continued...)

This Court, the District Court for the Central District of Illinois, and the Court of Appeals for the Seventh Circuit all have described petitioner's contentions as frivolous. Both this Court and the District Court have imposed penalties against petitioner under section 6673. The Court of Appeals has upheld these impositions and, in one instance, imposed an additional frivolous appeal penalty. Supra table 1.

Our findings include a brief sampling of petitioner's contentions at various stages of the instant case. In our opinion on the motion in the instant case we warned petitioner "that in view of his past actions, his persistent assertion in this case of frivolous and groundless arguments is likely to result in section 6673 sanctions larger than those previously imposed upon him." Harrell v. Commissioner, T.C. Memo. 1996-64. Immediately before petitioner's opening statement, we warned him again. During the trial, the following colloquy occurred:

---

[7](...continued)

        (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

        (B) the taxpayer's position in such proceeding is frivolous or groundless, or

        (C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Q  [Mr. KUTTEN]  Your prior Tax Court trial, was it in this very same room, Mr. Harrell, where you're sitting today?

A  [PETITIONER]  That's correct.  Yes.

Q  And did you make basically the same arguments to the Court then?

A  Basically the same argument as the issue today?

Q  Yes.

A  Part of the issue is the issue I've raised today. Yes.

Q  And the Court stated that your arguments were frivolous.  Is that not correct?

A  I believe that's correct, that that was the terminology used someplace in the decision.  Whether it was by the Tax Court or the Appeals Court, I don't recall.

In view of the fact that petitioner disregarded the Court's warning and persisted in presenting frivolous arguments that have been firmly rejected by this Court and others in the past, and that petitioner persisted in presenting such arguments after having been warned twice during the course of the instant case, we conclude that petitioner's conduct justifies imposing a substantial penalty on petitioner; we award a penalty to the United States in the amount of $10,000 under the provisions of section 6673.

To take account of the foregoing, including the matters described supra notes 1 and 2,

Decision will be entered

<u>under Rule 155</u>.