T.C. Memo. 1996-79


UNITED STATES TAX COURT


FREDERICK M. FOX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19361-89, 16560-90.     Filed February 26, 1996.


Frederick M. Fox, pro se.

<u>Alice M. Harbutte</u> and <u>Stuart Spielman</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  These cases were assigned to Chief Special

Trial Judge Peter J. Panuthos, pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

_____

[1]  Section references are to the Internal Revenue Code as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.

agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: These related cases are before the Court on the parties' cross-motions for summary judgment. As explained in more detail below, we will grant respondent's motions for summary judgment.

Background

On May 12, 1989, respondent mailed a statutory notice of deficiency to Frederick M. Fox (petitioner) and his former spouse, Michelle B. Fox, determining deficiencies in and additions to their Federal income taxes for the taxable years 1982, 1983, 1984, and 1985. On that same date, respondent mailed a separate statutory notice of deficiency to petitioner determining a deficiency in and additions to his Federal income tax for the taxable year 1986. Respondent's determinations are summarized in the following table:

| | | | | | Additions to Tax | | |
|---|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6653(b)(1) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(B) |
| 1982 | $775 | $39 | 50% of the interest due on $775 | --- | --- | --- | --- |
| 1983 | 10,864 | --- | --- | $5,432 | --- | 50% of the interest due on $10,864 | --- |
| 1984 | 19,376 | --- | --- | 9,688 | --- | 50% of the interest due on $19,376 | --- |
| 1985 | 25,784 | --- | --- | 12,892 | --- | 50% of the | --- |

|  |  |  |  |  |  | interest due on $25,784 |
|---|---|---|---|---|---|---|
| 1986 | 28,196 | --- | --- | --- | $21,147 | --- | 50% of the interest due on $28,196 |

Respondent further determined that part or all of the underpayments of petitioner's taxes for the taxable years 1982, 1985, and 1986 constitute substantial underpayments attributable to tax-motivated transactions within the meaning of section 6621(c).

Petitioner and Michelle B. Fox filed a timely joint petition for redetermination with the Court on August 7, 1989, assigned docket No. 19361-89, disputing respondent's determinations for the taxable years 1982 through 1986.[2]

On April 26, 1990, respondent mailed a statutory notice of deficiency to petitioner determining a deficiency in and additions to his Federal income tax for the taxable year 1987 as follows:

|  | Additions to Tax | | | |
|---|---|---|---|---|
| Deficiency | Sec. 6653(a) | Sec. 6653(b) | Sec. 6654(a) | Sec. 6659(a) |
| $32,226 | $1,611 | $24,170 | $1,741 | $1,133 |

Petitioner filed a timely petition for redetermination with the Court on July 23, 1990, assigned docket No. 16560-90, disputing respondent's determinations for the taxable year 1987. At the

_____

[2] By order dated Apr. 1, 1994, Michelle B. Fox was severed from docket No. 19361-89, and assigned docket No. 5450-94 in the name of Michelle B. Fox, a.k.a. Michelle B. Serre.

time that he filed his petitions, petitioner resided at San Juan Capistrano, California.

In the answer to the petition in docket No. 16560-90, which respondent filed on September 21, 1990, it is asserted that the statutory notice of deficiency incorrectly identified the additions to tax for negligence and fraud. The correct references are as follows:

| Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
| --- | --- | --- | --- |
| $1,611 | [1] | $24,170 | [2] |

[1] 50 percent of the interest due on the portion of the underpayment due to negligence or intentional disregard of rules and regulations.

[2] 50 percent of the interest due on that portion of the underpayment due to fraud.

The answer further asserts that the only portion of the underpayment due to fraud is that portion relating to unreported W-2 wages of $135,618. The remaining portion of the underpayment is due to negligence. In the alternative, respondent has asserted that if the Court does not find that the portion of the underpayment from the unreported wages is attributable to fraud, then it is attributable to negligence or intentional disregard of rules and regulations.

The deficiencies and additions to tax set forth above are based on a number of adjustments, the most substantial of which is respondent's determination that petitioner failed to report

the wages that he earned as a pilot for American Airlines during the taxable years 1983 through 1987.

Respondent's answers in these cases include specific assertions that petitioner failed to report wage income from American Airlines and that he filed false Forms W-4 with American Airlines claiming to be exempt from income tax withholding with the fraudulent intent to evade tax.

Petitioner filed replies to respondent's answers alleging in pertinent part that: (1) He is not a "taxpayer" but rather is a "sovereign citizen and resident of the Republic of the State of California"; (2) his wages from American Airlines do not constitute taxable income; and (3) Form W-4 does not apply to him on the ground that he is not a taxpayer.[3]

Subsequent to the filing of petitioner's replies, respondent filed motions for partial summary judgment that petitioner is liable for tax deficiencies attributable to his failure to report the wages that he received from American Airlines for the taxable years 1983 through 1987. Petitioner filed oppositions to respondent's motions again asserting that he is a nonresident

---

[3] Petitioner made similar tax protester type arguments in separate proceedings before this Court concerning his liability for the 1980 and 1988 taxable years. In response, the Court, on its own motions, awarded damages to the United States in the respective amounts of $5,000 and $2,000 pursuant to sec. 6673(a). See Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995) (1988 tax year); Fox v. Commissioner, T.C. Memo. 1989-232, affd. without published opinion 943 F.2d 55 (9th Cir. 1991) (1980 tax year).

alien and is not subject to the Federal income tax.  Following a hearing on the matter, we granted respondent's motions for partial summary judgment.  <u>Fox v. Commissioner</u>, T.C. Memo. 1993-37.

As previously indicated, these cases are now before the Court on the parties' cross-motions for summary judgment. Respondent seeks judgments in her favor with respect to all remaining issues.[4]  The issues remaining in dispute are:  (1) Whether petitioner failed to report interest and dividend income on his 1983, 1984, and 1985 tax returns; (2) whether petitioner is entitled to a loss of $3,880 reported on Schedule C attached to his 1983 tax return; (3) whether petitioner is entitled to a loss in the amount of $2,410 claimed on his 1986 tax return; (4) whether petitioner is liable for additions to tax pursuant to section 6661 (substantial understatement of liability) for the taxable years 1983 through 1987; and (5) whether petitioner is

---

[4]  For the sake of completeness, we note that by order dated Dec. 6, 1995, we granted respondent's motion to dismiss for lack of jurisdiction and to strike with respect to the sec. 6654 addition to tax, filed in docket No. 16560-90.  In addition, respondent conceded (by way of stipulation) that petitioner is entitled to the full amount of losses reported on his returns with respect to his investment in Coram Taxvest Windfarms for the taxable years 1985, 1986, and 1987.  Respondent also conceded that petitioner is not liable for any additions to tax with respect to his investment in Coram Taxvest Windfarms for the taxable years 1985, 1986, and 1987, or for the addition to tax under sec. 6653(a) for the taxable year 1982.  Although not mentioned in the stipulations regarding petitioner's investment in Coram Taxvest Windfarms, respondent likewise concedes that petitioner is not liable for increased interest pursuant to section 6621(c) for the taxable years 1982, 1985, and 1986.

liable for additions to tax for fraud for the taxable years 1983 through 1987.  Respondent asserts that she is entitled to summary judgment with respect to these issues.

Petitioner responded to respondent's motions for summary judgment by filing his own motions for summary judgment. Petitioner's motions are based on the same frivolous arguments set forth in his replies to respondent's answers.

A hearing was held on the pending motions in Washington, D.C., on December 6, 1995.  Counsel for respondent appeared at the hearing and presented argument on the pending motions. Although petitioner did not appear at the hearing, he filed written statements with the Court pursuant to Rule 50(c).[5]

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy--

> if the pleadings, answers to interrogatories,
> depositions, admissions, and any other acceptable
> materials, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact
> and that a decision may be rendered as a matter of law.
> * * * [Rule 121(b).]

---

[5]  Petitioner's Rule 50(c) statements consist of the same tax protestor arguments that he has relied upon throughout these proceedings.

Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). However, Rule 121(d) states:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

See Parkinson v. Commissioner, 647 F.2d 875, 876 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-319; King v. Commissioner, 87 T.C. 1213, 1217 (1986); Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

Petitioner's Motions for Summary Judgment

Petitioner's motions for summary judgment are founded upon tax protester type arguments with respect to the deficiencies and additions to tax determined by respondent. All of the arguments raised by petitioner have been uniformly rejected by this and other courts. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v.

Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); see also Fox v. Commissioner, T.C. Memo. 1993-37; Fox v. Commissioner, T.C. Memo. 1989-232, affd. without published opinion 943 F.2d 55 (9th Cir. 1991). Aside from the Coram Taxvest Windfarms issues that the parties settled, petitioner has failed to allege any triable issue of fact.

We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner's motions for summary judgment are wholly without merit and will be denied.

## Respondent's Motions for Summary Judgment

As previously mentioned, the first four issues on which respondent seeks summary judgment are that petitioner (1) failed to report interest and dividend income on his 1983, 1984, and 1985 tax returns, (2) is not entitled to a loss of $3,880 reported on Schedule C attached to his 1983 tax return, (3) is not entitled to a loss in the amount of $2,410 claimed on his

1986 tax return, and (4) is liable for additions to tax pursuant to section 6661 (substantial understatement of liability) for the taxable years 1983 through 1987.

Although respondent, as the moving party, bears the burden of proving that there are no material facts in dispute with respect to these issues, petitioner is not entitled to rest upon a mere denial of the allegations contained in respondent's motions, but instead petitioner must set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  Petitioner's unsupported denials of the allegations contained in respondent's motions for summary judgment are grounded solely on discredited tax protest arguments and are insufficient to provide a basis for denying respondent's motions.  Parkinson v. Commissioner, 647 F.2d 875, 876 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-319.  Consequently, we will grant respondent's motions for summary judgment in respect of the adjustments described above.

Respondent also seeks summary judgment that petitioner is liable for additions to tax for fraud for the years 1983 through 1987.  The addition to tax in the case of fraud is a civil sanction provided primarily for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938).

Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud.[6] Sec. 7454(a); Rule 142(b). Respondent's burden with respect to fraudulent intent is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. Fraud is not presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). However, fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969).

Fraudulent intent may be inferred from various kinds of circumstantial evidence or "badges of fraud", including

---

[6] For the taxable years 1983, 1984, and 1985 respondent must prove the specific portion of the underpayment of tax attributable to fraud for purposes of establishing the addition to tax under sec. 6653(b)(2). However, for the taxable years 1986 and 1987, sec. 6653(b)(2) provides that, if respondent establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud unless the taxpayer shows that some portion of the underpayment is not attributable to fraud.

understatement of income, inadequate records, or implausible or inconsistent explanations of behavior.  Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

We previously granted respondent's motions for partial summary judgment that petitioner is liable for income tax deficiencies attributable to his failure to report the wages that he received from American Airlines for the taxable years 1983 through 1987.  Fox v. Commissioner, T.C. Memo. 1993-37.  It is undisputed that petitioner filed false Forms W-4 with American Airlines during the years in issue to avoid the withholding of Federal income taxes from his wages.  See Miller v. Commissioner, 94 T.C. 316, 335-336 (1990); Castillo v. Commissioner, 84 T.C. 405, 410 (1985).  His failure to report wages and his filing of false Forms W-4, when considered in conjunction with the frivolous arguments that petitioner has relied upon throughout these proceedings, amount to clear and convincing evidence of fraud justifying the addition to tax under section 6653(b). Rowlee v. Commissioner, 80 T.C. at 1125-1126; Habersham-Bey v. Commissioner, 78 T.C. 304, 313-314 (1982); Granado v. Commissioner, T.C. Memo. 1985-237, affd. 792 F.2d 91 (7th Cir. 1986).  In short, we are satisfied that petitioner's entire course of conduct provides clear and convincing evidence of petitioner's fraudulent intent, and, therefore, we will grant respondent's motions for summary judgment as to the additions to tax for fraud.

As a final matter, we raise on our motion the question of whether we should impose a penalty against petitioner under section 6673(a)(1).  As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Aside from the issues which were settled concerning petitioner's investment in Coram Taxvest Windfarms, petitioner's position, as articulated in his pleadings, motions for summary judgment, and Rule 50(c) statements, consists solely of tax protester rhetoric and legalistic gibberish.  Based on well-established law, we find that petitioner's position is frivolous and groundless.

We are also satisfied that, following settlement of the Coram Taxvest Windfarms issues, petitioner maintained these proceedings primarily for purposes of delay.  We flatly rejected petitioner's tax protester arguments earlier in these proceedings when we granted respondent's motions for partial summary judgment.  Fox v. Commissioner, T.C. Memo. 1993-37.  In this light, it is clear that petitioner filed his motions for summary

judgment with the willful intent to protract these proceedings and that petitioner regards these cases as a means to protest the tax laws of this country and nothing more.  Having to deal with this matter wasted the Court's time, as well as respondent's.

Petitioner is no stranger to this Court and is aware that section 6673(a)(1) is available to be used against him.  In fact, the Court imposed a penalty upon petitioner pursuant to section 6673(a)(1) in Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995), and in Fox v. Commissioner, T.C. Memo. 1989-232.  Regrettably, petitioner has failed to grasp that his tactics will not be tolerated in this Court.  Considering all of the circumstances, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $5,000 in each of the two dockets herein.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, 737 F.2d at 1417-1418; Abrams v. Commissioner, 82 T.C. 403, 408-411 (1984).[7]

---

[7] See also Granado v. Commissioner, T.C. Memo. 1985-237, affd. 792 F.2d 91, 94 (7th Cir. 1986), where the Court of Appeals held that the raising of one nonfrivolous argument among many frivolous arguments was not enough to negate the imposition of the penalty.

To reflect the foregoing,

<u>An order denying petitioner's motions for summary judgment, granting respondent's motions for summary judgment, and imposing a penalty upon petitioner pursuant to section 6673(a)(1) will be issued in each docket; and decisions will be entered pursuant to Rule 155.</u>