T.C. Memo. 1998-359


UNITED STATES TAX COURT


JOHN L. BOETTNER, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23238-96.                    Filed October 5, 1998.


John L. Boettner, Jr., pro se.

<u>Mary Ann Waters</u>, for respondent.



MEMORANDUM OPINION


    PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on respondent's motion for partial summary judgment

under Rule 121.[1]  As the basis for this motion, respondent argues

_____

    [1]    All section references are to the Internal Revenue Code
in effect for the taxable year in issue, and all Rule references
                                        (continued...)

that petitioner's plea of guilty to tax evasion under section 7201 collaterally estops him from disputing there is an underpayment of income tax for the 1985 taxable year, and that the underpayment is due to fraud within the meaning of section 6653(b).  Respondent supports his motion with four exhibits, namely:  (1) The Information filed by the U.S. Attorney in the criminal case against petitioner in the U.S. District Court, Southern District of West Virginia at Charleston, (2) petitioner's plea agreement (plea agreement), (3) the guilty plea in the criminal case against petitioner, and (4) the order issued by the District Court finding petitioner guilty and convicting him of one violation of 26 U.S.C. sec. 7201 (1994).  Petitioner filed a response objecting to the granting of respondent's motion for partial summary judgment.

The Court must decide whether petitioner is collaterally estopped from contesting that there is an underpayment of tax and that part of the underpayment is due to fraud within the meaning of section 6653(b) for the 1985 taxable year on account of petitioner's plea of guilty to a violation of section 7201.

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

This case was set for trial on two prior occasions.  At petitioner's request, the matter was continued on each occasion. Jurisdiction was retained in an attempt to assist the parties in resolving this matter, or at least narrowing the issues. Respondent then filed this motion for partial summary judgment.

Background

Petitioner is an attorney who previously practiced law in West Virginia until his license to practice was suspended in 1992. In 1974, petitioner was elected to the West Virginia House of Delegates. In 1978, he was elected to the West Virginia State Senate. Some time later, petitioner became the West Virginia State Senate majority leader. In 1984 petitioner unsuccessfully ran for the position of State Attorney General.

In 1987, the U.S. Attorney's office began an investigation of political corruption in West Virginia. Petitioner was investigated with respect to certain loan transactions and interest payments in 1984 and 1985. The investigation concluded that petitioner secured a $25,000 loan in 1984. Interest payments were made on the loan by certain third parties in 1985. Petitioner did not report the interest payments as income on his 1985 Federal income tax return.

At the conclusion of the investigation, petitioner waived his right to be charged by indictment and consented to the filing of a one-count information against him. The information charged that petitioner:

> did willfully attempt to evade and defeat a significant part of the income tax due and owing by him to the United States of America for the calendar year 1985, by filing and causing to be filed with the Director, Internal Revenue Service Center, at Cincinnati, Ohio, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, wherein he stated that his taxable income

for the calendar year 1985, was the sum of $25,046.00, and that the amount of tax due and owing thereon was the sum of $8,456.00, whereas, as he then and there well knew and believed his taxable income for the calendar year was the sum of $29,166.55, upon which said taxable income there was owing to the United States of America an income tax of $10,033.00; in violation of Title 26, United States Code, Section 7201.

On August 23, 1989, petitioner entered into a plea agreement with the United States.  The pertinent parts of the plea agreement read as follows:

it is agreed by and between the United States and Mr. Boettner as follows:

    1.  Mr. Boettner will waive his right * * * to be charged by indictment and will consent to the filing of a one count information to be filed in the United States District Court for the Southern District of West Virginia * * *.

    2.  Mr. Boettner will plead guilty to a violation of Title 26, United States Code, Section 7201 (tax evasion) as charged in said information.

    *      *      *      *      *      *      *

    4.  Mr. Boettner will work with representatives of the Internal Revenue Service for the purpose of:  (a) determining (by taxable period) the total net income and taxable income derived by Mr. Boettner as a result of his activity which resulted in this plea agreement for the calendar years 1985 to the present; (b) filing correct federal income tax returns for the calendar years 1985 to the present, if due: (c) amending existing returns on file for the calendar years 1985 to the present, if due; (d) amending existing returns on file for the calendar years 1985 to the present to include the net income and taxable income determined in item (a); and (e) paying all taxes determined to be due and owing to the fullest extent possible.  * * * Mr. Boettner will agree to the release of all tax-related information obtained by the United States Attorney's Office during the course of this investigation for the

purpose of complying with the provisions of this
paragraph to civil representatives of the Internal
Revenue Service. This agreement does not preclude Mr.
Boettner from pursuing any appeal rights he may have
civilly with respect to any tax liability.

Petitioner was also required to resign his position with the West Virginia Senate.

On August 30, 1989, petitioner pleaded guilty to tax evasion for the taxable year 1985 in violation of section 7201. On December 14, 1989, the District Court for the Southern District of West Virginia issued the order of conviction based upon petitioner's plea of guilty of one violation of section 7201 (tax evasion). Such order was entered only after a lengthy discussion with petitioner which included, inter alia, his understanding of the charge against him, the ramifications of his entering a guilty plea as opposed to going to trial, whether his guilty plea was a voluntary one, and whether he was satisfied with the competency of his counsel, as per rule 11 of the Federal Rules of Criminal Procedure. Pursuant to the order, petitioner was placed on probation. As one of the conditions of the probation, it was ordered:

2. Pursuant to his plea agreement promise, the
defendant shall file an amended federal income tax
return for the calendar year 1985 and shall pay the
income tax determined to be due and owing, plus
interest and penalties, in payments of not less than
$100.00 per month commencing February 1, 1990.

Petitioner filed a motion to vacate his criminal conviction pursuant to 28 U.S.C. sec. 2255 (1994). The District Court denied petitioner's motion on March 31, 1994. Petitioner appealed the District Court's judgment to the Court of Appeals for the Fourth Circuit. In an unpublished per curiam opinion filed April 21, 1995, the Court of Appeals for the Fourth Circuit affirmed the judgment of the District Court. On June 14, 1995, the Court of Appeals entered its judgment affirming the District Court.

For the taxable year 1985, respondent determined petitioner received $4,120 of unreported income.[2] Respondent determined a deficiency in, and additions to, petitioner's Federal income tax for the taxable year 1985 as follows:

| | Additions to Tax | |
|---|---|---|
| Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) |
| $1,577 | $5,017 | 50 percent of the interest due on $1,577 |

Petitioner resided in St. Michaels, Maryland, at the time he petitioned this Court to redetermine respondent's determination of a deficiency in his income tax and additions to tax as set forth above. Respondent's answer and amended answer included

---

[2] Respondent's motion is for partial summary judgment with respect to whether petitioner is estopped to dispute that there is an underpayment in his income tax for 1985 and that part of the underpayment is due to civil fraud pursuant to sec. 6653(b). The amount of the underlying deficiency for 1985 remains to be adjudicated.

affirmative allegations that (1) petitioner is liable for
additions to tax for fraud under sections 6653(b)(1) and (2);
(2) petitioner is estopped, under the doctrine of collateral
estoppel, from denying that a portion of the underpayment in his
income tax is due to fraud within the meaning of section 6653(b);
and (3) petitioner is estopped from denying the existence of a
tax deficiency resulting from petitioner's admitted tax evasion
for the 1985 taxable year.

Discussion

Rule 121(a) provides that either party may move for summary
judgment upon any or all parts of the legal issues in
controversy.  Summary judgment is intended to expedite litigation
and avoid unnecessary and expensive trials.  Florida Peach Corp.
v. Commissioner, 90 T.C. 678, 681 (1988); McHan v. Commissioner,
T.C. Memo. 1997-139; London v. Commissioner, T.C. Memo. 1996-192.

> Summary judgment is appropriate
>
> if the pleadings, answers to interrogatories,
> depositions, admissions, and any other acceptable
> materials, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact
> and that a decision may be rendered as a matter of law.
> A partial summary adjudication may be made which does
> not dispose of all the issues in the case.

Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520
(1992), affd. 17 F.3d 965 (7th Cir. 1994); Kroh v. Commissioner,
98 T.C. 383, 390 (1992); Fox v. Commissioner, T.C. Memo. 1996-79.
The burden of proof is on the moving party, Bertoli v.

Commissioner, 103 T.C. 501, 507 (1994), and we are required to view the factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion.  Blanton v. Commissioner, 94 T.C. 491, 494 (1990); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  In this case, no dispute exists as to any material fact.  Therefore, the issue of collateral estoppel may properly be resolved on respondent's motion for partial summary judgment.

Respondent argues the doctrine of collateral estoppel precludes petitioner from denying the existence of an underpayment of tax for the 1985 taxable year, and that some part of such underpayment was attributable to petitioner's fraud in violation of section 7201.  Petitioner challenges the applicability of the doctrine of collateral estoppel by alleging the plea was entered into as a result of the Government's misconduct, fraud, and misrepresentation of his tax liability. Specifically, petitioner alleges (1) the Government misrepresented and then disavowed the theory of fraud in earlier proceedings; (2) the Government waived collateral estoppel under the terms of the plea agreement; and (3) the plea agreement precludes the assessment of any fraud or interest penalty. Respondent disagrees.

Collateral estoppel is applicable in Federal tax cases. Commissioner v. Sunnen, 333 U.S. 591, 598 (1948).  Collateral

estoppel precludes relitigation of any issue of fact or law that was actually litigated and necessarily determined by a valid and final judgment. Montana v. United States, 440 U.S. 147, 153 (1979); Brotman v. Commissioner, 105 T.C. 141, 147 (1995). In addition, the issue must also have been necessary to the outcome of the first action, see United States v. Mendoza, 464 U.S. 154, 158 (1984); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Niedringhaus v. Commissioner, 99 T.C. 202, 213 (1992), and it cannot be relitigated in a suit between the parties or their privies. Blanton v. Commissioner, supra at 495; Peck v. Commissioner, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990). Collateral estoppel

> [precludes] parties from contesting matters that they have had a full and fair opportunity to litigate [and] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

Montana v. United States, 440 U.S. at 153-154; Spear v. Commissioner, 91 T.C. 984, 990 (1988).

It is well established that petitioner's conviction of criminal tax evasion under section 7201 for 1985 collaterally estops him from denying that some part of the deficiency in his income tax for that year was due to fraud for purposes of section 6653(b). The elements of criminal tax evasion under section 7201 are virtually identical to the elements of civil tax fraud under

section 6653(b), and a guilty plea is equivalent to a conviction after trial for the purpose of collateral estoppel.  Plunkett v. Commissioner, 465 F.2d 299, 305-306 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Stone v. Commissioner, 56 T.C. 213, 221-223 (1971); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964); see, e.g., Johnson v. Sawyer, 47 F.3d 716, 722 (5th Cir. 1995); Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. T.C. Memo. 1981-1.  A guilty plea constitutes an admission of all the elements of the criminal charge.  McCarthy v. United States, 394 U.S. 459, 466 (1969).  Consequently, it is immaterial that a conviction is based upon a guilty plea, rather than a trial on the merits.  Arctic Ice Cream Co. v. Commissioner, supra.

Petitioner claims his guilty plea was not based on conduct in violation of section 7201.  This Court has previously indicated that it will rarely look behind the circumstances of a guilty plea in applying the doctrine of collateral estoppel. Stone v. Commissioner, supra at 221-223; Yarbrough Oldsmobile Cadillac, Inc. v. Commissioner, T.C. Memo. 1993-20.  If a defendant enters an Alford (North Carolina v. Alford, 400 U.S. 25 (1970)) plea, wherein the defendant pleads guilty pursuant to a plea agreement, but denies guilt, the collateral consequences are triggered.

> Once accepted by a court, it is the voluntary plea of guilt itself, with its intrinsic admission of each element of the crime, that triggers the collateral consequences attending that plea.  Those consequences

> may not be avoided by an assertion of innocence.  As long as the guilty plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant, * * * and a sufficient factual basis exists to support the plea of guilt, * * * the collateral consequences flowing from an Alford plea are the same as those flowing from an ordinary plea of guilt.  Were this not so, defendants pleading guilty would routinely proclaim their innocence to reap two benefits:  (1) the avoidance of a trial and a possible reduction in sentence, and (2) the extinguishment of all collateral consequences of their plea. * * * [Blohm v. Commissioner, 994 F.2d 1542, 1554 (1993)(citations omitted), affg. T.C. Memo. 1991-636.]

See also Yarbrough Oldsmobile Cadillac, Inc. v. Commissioner, supra; Lackey v. Commissioner, T.C. Memo. 1977-213.

In this case petitioner has not presented any evidence that the plea was entered involuntarily.  Additionally, petitioner's arguments were thoroughly rejected by the District Court when evaluating petitioner's motion to vacate his conviction.  The order of the District Court denying that motion was affirmed by the Court of Appeals for the Fourth Circuit stating "The court found there was a factual basis for the plea and that the movant's plea was entered freely and voluntarily, and with full knowledge of the consequences of the plea".

Petitioner argues respondent is barred from asserting collateral estoppel.  Petitioner claims the Government waived collateral estoppel under the plea agreement.  Petitioner relies on this pertinent language: "This agreement does not preclude Mr. Boettner from pursuing any appeal rights he may have civilly with

respect to any tax liability".  However, such language does not amount to a waiver of collateral estoppel by respondent.  Such language ensures to petitioner that he has the right to appeal his liability with respect to the amount of the tax liability, by contesting the total amount of the unreported income, or by contesting respondent's computation of the tax liability.

Petitioner also claims the plea agreement precludes the assessment of any fraud penalty, late filing penalty, or interest penalty, and limits the respondent to "taxes determined to be due and owing".  This Court does not read such meaning into the agreement.  In addition, it was the order of the District Court for the Southern District for West Virginia that petitioner "shall pay the income tax determined to be due and owing, <u>plus interest and penalties</u>." (Emphasis added.)

We are satisfied that the issues in the present case are the same as the issues which were presented and determined adversely to petitioner in the criminal case.  The underlying issue in this case is that of fraud.  Petitioner's prior conviction was based on fraud; i.e., the charge of his knowingly and willfully attempting to evade Federal income tax by filing a false and fraudulent Federal income tax return in violation of section 7201.

The District Court for the Southern District of West Virginia, a court of competent jurisdiction, has rendered a final

judgment that is no longer subject to appeal.  In addition, it is clear that the parties to the two proceedings are the same. Petitioner in the present case was the defendant in the criminal case.  It is well established that the Commissioner of Internal Revenue (respondent) is a party in privity with the United States, the plaintiff in the criminal proceeding.  See Tait v. Western Md. Ry. Co., 289 U.S. 620 (1933).  Privity between the United States and the Commissioner of Internal Revenue (respondent) has repeatedly been recognized by this Court. Gammill v. Commissioner, 62 T.C. 607, 614 (1994); Shaheen v. Commissioner, 62 T.C. 359, 364 (1974); Amos v. Commissioner, 43 T.C. 50, 52 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

We find that the controlling facts and legal principles have not changed significantly since the criminal trial, and no special circumstances warrant an exception to the normal rules of preclusion in this case.  Accordingly, we hold that collateral estoppel applies in this case by reason of the prior conviction. See Amos v. Commissioner, supra; McCall v. Commissioner, T.C. Memo. 1993-95.

Consistent with the foregoing, petitioner's prior criminal conviction under section 7201 in respect to his 1985 taxable year collaterally estops him from denying in the present civil tax proceeding:  (1) There is an underpayment in his income tax for 1985, and (2) part of the underpayment is due to fraud within the

meaning of section 6653(b).  <u>Tomlinson v. Lefkowitz</u>, 334 F.2d 262, 266 (5th Cir. 1964); <u>C.B.C. Super Markets, Inc. v. Commissioner</u>, 54 T.C. 882, 893 (1970). Consequently, we shall grant respondent's motion for partial summary judgment.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.