T.C. Memo. 2002-296

UNITED STATES TAX COURT

STEVEN JOHN RENNIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2539-02L.                    Filed December 2, 2002.

Steven John Rennie, pro se.

<u>John W. Strate</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent, in a motion filed on August 26, 2002, moved for summary judgment on the questions of whether respondent may proceed with collection and whether a section 6673[1] penalty should be imposed against petitioner.  With respect

_____

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

to the penalty, respondent contends that petitioner instituted these proceedings primarily for purposes of delay. Petitioner's objection to respondent's motion for summary judgment was filed on September 23, 2002. On that same date, a hearing was held at the San Francisco, California, trial session of the Court at which time the parties' positions were heard.

Petitioner's primary position is that respondent did not meet the requirements of section 6330; that in any event, petitioner is not obligated to pay any Federal tax; and because he is not obligated to pay tax, he did not bring this proceeding for purposes of delay.

Background

On April 15, 1999, petitioner's 1998 Federal individual income tax return was filed. The tax form petitioner submitted contained zeros in all pertinent places provided for the reporting of income. In the box for reporting withholding tax petitioner reported $7,086.90, which was evidenced by an attached Form W-2, Wage and Tax Statement. The Form W-2 also reflected that $65,674.74 in wages was paid to petitioner by the Desert Palace, Inc., d.b.a. Caesar's Palace, Las Vegas, Nevada. Also attached to the return was a two-page pro forma document that states numerous reasons why petitioner should not be obligated to pay any Federal income tax. Included in the reasons are the contentions that: (1) No section of the Internal Revenue Code

establishes an income tax liability; (2) taxes are voluntary; (3) the Privacy Act Notice contained in an Internal Revenue Service booklet on tax returns "informs * * * [petitioner] that * * * [he is] not required to file"; (4) no assessment had been made against petitioner for 1998 tax; (5) the word "income" is not defined in the Internal Revenue Code. Petitioner also cited several cases that he contended supported his position. The propositions he advances have been rejected on numerous occasions and labeled "frivolous" and "well-worn protester arguments". Nothing would be served by cataloging and addressing petitioner's contentions and case citations. See Fox v. Commissioner, T.C. Memo. 1996-79; Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). See also Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984), where in similar circumstances, the court remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

Respondent examined petitioner's 1998 return and determined that petitioner had $22,200 in gambling winnings which were not reported, in addition to the $65,674.74 in wages reflected on his Form W-2 but not reported as wages on the 1998 return. On March 3, 2000, respondent mailed a statutory notice of deficiency to

petitioner, and in a May 8, 2000, letter, responding to the notice, petitioner acknowledged receipt of it and raised numerous objections to it. Petitioner, however, did not petition this Court with respect to the notice. In the notice, respondent had determined a $19,949 income tax deficiency and a $2,572.42 penalty under section 6662(a) and (b)(1).

On March 1, 2001, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner with respect to his 1998 tax liability. In a March 15, 2001, letter, petitioner requested a hearing. The Appeals officer contacted petitioner and a date was set for a hearing. The hearing was held on November 19, 2001, and petitioner and the Appeals officer each made a tape recording of the conversation. Petitioner contended that all of the administrative procedures had not been met, and he also sought to challenge the underlying tax liability. The Appeals officer provided petitioner with a literal transcript of his tax account for the 1998 tax year which reflected the steps taken by respondent before and after assessment and up until the time of the hearing.

After the transcript was presented, petitioner contended that the presentment was not in accord with the law, because the statute required that the Appeals officer "shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."

Apparently, petitioner argued that the Secretary must personally meet the verification requirement. Petitioner also contended that, although he is required to comply with the statutes and regulations, he does not have to comply with caselaw. Petitioner admitted that he did not read any of the cases interpreting the statutes and regulations. Petitioner also argued that respondent had not shown him the particular laws that expressly state that income is taxable to individuals or that define the term "income".

There was also a discussion of the statutory notice of deficiency. Petitioner admitted that he had received the document that the Appeals officer described as the Statutory Notice of Deficiency, but petitioner contended that it was not a "legal notice of deficiency" because it was not signed by the Secretary or an authorized designee. Petitioner also made the same argument with respect to whether the notice for payment was a proper notice and demand for payment.

Accordingly, although petitioner received all of the documents that respondent is required to provide before pursuing collection, petitioner generally contended that the documents are defective for lack of the Secretary's signature or that they are on the wrong form. In that regard, petitioner argued that respondent was required to use a particular form in order to satisfy the notice and demand requirement of the statute.

Petitioner referenced procedural guidelines, issued by the Department of the Treasury more than 50 years ago, that referenced the form that petitioner argued must be used by respondent.

In his petition filed with this Court, petitioner alleged that the November 19, 2001, hearing with Appeals was "lawless and erroneous". He also contended that collection was not appropriate and that respondent had not made a "valid assessment".

At the Appeals hearing, petitioner did not raise any of the categories for relief set forth in section 6330(c)(2)(A), which include spousal defenses, challenges to collection actions, and collection alternatives.

Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities of petitioner and whether petitioner should be held liable for a penalty under section 6673. Rule 121 provides for summary judgment to be granted with respect to part or all of the legal issues in controversy if there is no genuine issue as to any material fact. See Sunstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). In that regard, summary judgment is intended to expedite litigation and avoid

unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

There is no genuine issue as to any material fact in this case. Respondent, pursuant to section 6331(a), was seeking to levy on petitioner's property. In accord with sections 6330(a) and 6331(d), respondent provided petitioner with a final notice of intent to levy, which also included notice of petitioner's right to an administrative appeal of respondent's decision to collect the tax. In that regard, the Commissioner cannot collect by levy without the opportunity for a taxpayer to seek an administrative review of the determination to proceed with collection and/or the opportunity for judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Petitioner opted for an administrative appeal, and after respondent's decision to go forward with collection, he sought review by this Court. Petitioner did not file a petition upon the issuance of the notice of deficiency, so he is afforded review solely on the question of abuse of respondent's discretion because the validity of the underlying liability is not at issue. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Because petitioner is not entitled to question the underlying tax liability, his administrative hearing is limited

to collection issues, including spousal defenses, the appropriateness of respondent's intended collection action, and a possible alternative to collection. Petitioner questioned the appropriateness of respondent's proposed collection action by questioning whether the Appeals officer had satisfied the verification requirement of section 6330(c)(1). Petitioner contends that respondent used incorrect forms for the notice and demand and otherwise failed to meet the requirement because the Secretary did not personally verify the liability.

At the Appeals conference, petitioner was provided with a literal transcript of his account which detailed information underlying the assessment of the tax in question. Petitioner does not question whether all of the steps had been taken or performed. In effect, he questions the genuineness or authenticity of the documents respondent used to meet the statutory requirements. Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement. Wagner v. Commissioner, T.C. Memo. 2002-180; see also Roberts v. Commissioner, 118 T.C. 365, 371 (2002). In addition, it has been held that "'[t]he form on which a notice and assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under * * * [section 6303].'" Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (quoting Elias

v. Connett, 908 F.2d 521, 525 (9th Cir. 1990). Accordingly, we find petitioner's arguments to be specious and without merit.

From the transcript of petitioner's Appeals conference, it is clear that respondent's Appeals officer met the letter and spirit of the statutory requirement to provide a full and fair hearing. In addition, petitioner was provided with documents that satisfied respondent's verification requirement. Accordingly, we hold that respondent has not abused his discretion in determining to proceed with collection as set forth in the March 1, 2001, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, sent to petitioner with respect to the 1998 tax liability.

Finally, respondent has moved for a penalty under section 6673 on the ground that petitioner's arguments are frivolous and that he instituted and maintained this proceeding merely for delay. Section 6673 provides that this Court may impose a penalty, not to exceed $25,000, where it finds that a taxpayer's position in the proceeding is frivolous and/or that the proceeding was instituted and maintained primarily for delay. Section 6673 penalties may be imposed in a lien and levy case. Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

In addition to questioning the authenticity of respondent's documentation, petitioner has interposed protester arguments which have, on numerous occasions, been rejected by the courts.

In order to support his arguments, petitioner has selectively picked phrases out of context from statutes and rulings.  In so doing, petitioner has chosen to ignore more current or complete statements of the law.  In that same vein, petitioner has chosen to ignore and/or not follow case precedent and interpretation of the statutory law.

Under these circumstances we are convinced and hold that petitioner's position in this proceeding is frivolous and has been interposed primarily to protest the tax laws of this country and/or to delay collection activity by respondent.  Accordingly, we hold that petitioner is liable for a $1,500 penalty under section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered granting respondent's motion for summary judgment.</u>